EDWARD C. LYON, executor &c.,

*v.*

THE RECTOR, WARDENS AND VESTRYMEN OF THE CHURCH OF THE REDEEMER et al.

An executor was directed by the will, in case the personal property was insufficient, to sell his testatrix's lands in order to pay the general legacies, and the residue, if any, was given to A, B and C. He rented and received the

rents of part of the lands for two years, and then sold all the lands at what he deemed a fair price, which he could not obtain sooner. The personal property and the proceeds of the sale of the lands were together insufficient to pay the general legacies in full.—*Held*, that the general legatees were entitled to have the rents applied to the payment of their legacies in preference to either the residuary legatees or the heirs-at-law.

Bill for construction of will and instructions to executor.

*Mr. Alfred Mills*, for the executor.

*Mr. G. W. Forsyth*, for residuary legatees.

THE CHANCELLOR.

Mrs. Mariana Dalrymple, of Morristown, died May 19th, 1884. By her will, dated December 4th, 1882, after giving several specific and several general legacies, she provided as follows :

"As my personal estate will be insufficient to pay the above legacies, I authorize and empower my executors hereinafter named, and the survivor of them, to sell and convey all of my lands and real estate, wherever it may be, either at public or private sale, and at such times and in such manner and on such terms as they or the survivor of them may deem best for my estate, and to make and execute all deeds necessary to complete any such conveyance. In case my personal estate and the proceeds of the sale of my real estate shall be insufficient to pay all of the above legacies in full, I direct, and my will is, that the legacy given to 'the Church Mission to Deaf Mutes' by the twelfth item of this will, and the legacy given to the 'Sisterhood of the Good Shepherd' by the seventeenth item of this will, be paid in full, and that all the other legacies abate *pro rata ;* and in case my personal estate and the proceeds of the sale of my real estate shall be more than sufficient to pay all the above legacies in full, then I give and bequeath such residue and remainder to Sarah W. Lyon, of Morristown, New Jersey ; Electa Vail, of Morristown, New Jersey, and Mrs. E. N. Hare, of Asbury Park, New Jersey, to be equally divided between them, share and share alike."

She appointed Edward C. Lyon and Dr. Thomas Galaudet executors. The latter renounced. Mr. Lyon proved the will May 31st, 1884. The personal estate was far from sufficient to pay the general legacies. The real estate consisted of a furnished cottage at Asbury Park and some vacant lots at Spring Lake.

The testatrix, just before her death, rented the cottage and furniture by a verbal lease for the season of 1884. The executor, in pursuance thereof, executed a written lease to the lessee and received the rent. He rented them to another person the next year and, after having so rented them and during the term, he sold the cottage and furniture, and also the vacant lots, to good advantage at public sale. He had been unable, up to that time, to sell the property at what he regarded as a proper price. The heirs-at-law of the testatrix claim the rents received by him, and the residuary legatees also claim them. The amount of the personal estate, and the proceeds of the sale of the real property and the rents, are insufficient to pay the general legacies. The executor asks directions in the premises.

The general legacies are charged upon the real estate. The order to sell the real property is made expressly in view of the fact that the personal estate will be insufficient to pay those legacies. The testatrix provides that in case the personal estate and the proceeds of the sale of the real property shall be insufficient to pay the legacies in full, two of the legacies shall nevertheless be paid in full, and the rest shall abate proportionally; and that in case the personal property and the proceeds of the sale of the real estate shall be more than sufficient to pay all the general legacies, "such" residue shall go to Sarah W. Lyon, Electa Vail and Mrs. E. N. Hare. The residue which is given is whatever (if anything) may remain after paying the legacies. It is clear that the legacies are charged upon the land. *Corwine* v. *Corwine, 9 C. E. Gr. 579.* Being charged upon the land, the rents, issues and profits of the property are to be applied to the payment thereof. *Wallington* v. *Taylor, Sax. 314; Trustees* v. *Wilkinson, 9 Stew. Eq. 141.*

Further: although the executor had no legal title to the land, under the provisions of the will, but a power of sale only, and the legal title to the property vested in the heirs-at-law after the testatrix's death until the sale and conveyance by the executor, the heirs had no beneficial interest either in the property or the rents. Any surplus of the proceeds of the sale of the property, which might remain after paying the legacies, was given by the

will to the residuary legatees, who, on paying the legacies, would have been entitled to the property. Nor are the residuary legatees entitled to the rents as against the legatees. The rents belong to those who were beneficially interested in the property according to their interests. *Current* v. *Current, 3 Stock. 186 ; Brokaw* v. *Brokaw, 14 Stew. Eq. 304.* As before stated, the personal property applicable to the payment of the general legacies, and the proceeds of the sale of the real property and the rents, are insufficient to pay the legacies. The rents should therefore be applied to the payment of the general legacies.